# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| TERRY L. FLEMINGS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 6:21-cv-01229 |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Defendant. | ) |

## PLAINTIFF'S COMPLAINT

Plaintiff, TERRY L. FLEMINGS ("Plaintiff"), by and through her attorneys, alleges the following against Defendant, UNITED STATES OF AMERICA ("Defendant"):

## INTRODUCTION

1. Plaintiff's Complaint is brought pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b) and 2672 for personal injuries she sustained at the Fort Hood military base ("Fort Hood") in Bell County, State of Texas.

2. The state law of Texas controls with regard to the underlying claims. *E.g., Hannah v. United States*, 523 F.3d 597, 601.

## JURISDICTION AND VENUE

3. This court has subject matter jurisdiction pursuant 28 U.S.C. § 1331 as the FTCA presents a federal question as a federal statute.

4. Personal jurisdiction and venue in this district are proper because Defendant does or transacts business within this district and a material portion of the events at issue occurred in this district.

1

## BACKGROUND

5. Plaintiff is a natural person residing in the City of Harker Heights, Bell County, State of Texas.

6. At all times relevant hereto, Plaintiff was a civilian employee of Fort Hood.

7. At all times relevant hereto, Fort Hood was owned, operated, and controlled by Defendant.

8. At all times relevant hereto, there existed an Arts and Crafts Center on the Fort Hood premises at or about 761st Tank Battalion Avenue and 62nd Street, Building 2337, Fort Hood, Texas.

9. At all times relevant hereto, the Arts and Crafts Center was owned, operated, and controlled by Defendant.

10. On December 16, 2017, at approximately 12:30 p.m., Plaintiff arrived at the Arts and Crafts Center to do work in the framing shop.

11. One of Plaintiff's planned activities in the framing shop was to cut a sheet of glass.

12. On December 16, 2017, while in the framing shop of the Arts and Crafts Center, Plaintiff was not working within the scope of her employment as a civilian employee of Fort Hood.

13. On December 16, 2017, at approximately 1:20 p.m., Plaintiff asked Defendant's employee, who identified herself as Natalee, where Plaintiff could find a 40" x 32" piece of glass.

14. Natalee pointed to and directed Plaintiff to a room where the requested sheet of glass could be found.

15. Plaintiff found the desired sheet of glass and began to remove the boxed sheet of glass from where it was stored.

16. Not knowing that the boxed sheet of glass was supporting the weight of boxes of sheets of glass above it, Plaintiff suddenly saw and felt the stack of boxes of glass begin to fall toward

her.

17. Plaintiff then attempted to push back the stack of boxes of glass into an upright position, but the weight of the boxes of glass, coupled with a slippery floor where Plaintiff's feet were positioned, Plaintiff was unsuccessful in stopping the stack of boxes of glass from falling toward Plaintiff.

18. The falling stack of boxes of glass overpowered Plaintiff and Plaintiff fell to the floor.

19. As Plaintiff fell to the floor, the stack of boxes of glass landed on top of Plaintiff's right leg.

20. Plaintiff then began to yell for help as she was pinned to the floor by the boxes of glass.

21. The strength of four people (three of Defendant's employees and/or agents, Natalee, Anna, and Renee, and one unknown male customer), and approximately ten minutes, was necessary to remove the boxes of glass from Plaintiff's leg.

22. The estimated weight of the boxes of glass was more than 500 pounds.

23. The weight of the falling boxes of glass on top of Plaintiff caused Plaintiff to suffer severe injuries to her right leg, including a broken tibia, torn meniscus, and torn medial collateral ligament.

24. Defendant's acts or omissions caused Plaintiff to suffer from physical pain, physical impairment, mental anguish, and disfigurement.

25. Defendant's acts or omissions caused Plaintiff to incur medical expenses, and in the future, incur additional medical expenses.

26. Defendant's acts or omissions caused Plaintiff to sustain past and future loss of earning capacity.

27. The risk of injury to Plaintiff was foreseeable.

28. On December 13, 2019, Plaintiff properly presented Defendant with written notification of her FTCA claim.

29. On June 2, 2021, Defendant mailed its denial of Plaintiff's claim to Plaintiff.

30. Plaintiff's lawsuit against Defendant is proper and timely filed on November 28, 2021.

## COUNT I:
## NEGLIGENT ACTIVITY

31. Plaintiff incorporates by reference the foregoing paragraphs 1-30 of this Complaint as though fully stated herein under Count I of Plaintiff's Complaint.

32. At all times relevant hereto, Defendant owed Plaintiff a duty of ordinary care to protect Plaintiff from injury at the Arts and Crafts Center.

33. Defendant continuing to improperly store the boxes of glass was an ongoing activity.

34. Defendant continuing to improperly maintain the floor was an ongoing activity.

35. Defendant continuing to have improperly trained individuals work in its Arts and Crafts Center was an ongoing activity.

36. Defendant breached its duty of ordinary care to protect Plaintiff from injury at the Arts and Crafts Center when Plaintiff was injured as described above.

37. Defendant's breach of its duty to Plaintiff proximately caused Plaintiff's injuries.

WHEREFORE, Plaintiff, TERRY L. FLEMINGS, respectfully requests that judgment be entered against Defendant, UNITED STATES OF AMERICA, in the amount of $2,500,000.00 and any further and additional relief which this Honorable Court may deem appropriate.

## COUNT II:
## PREMISES LIABILITY

38. Plaintiff incorporates by reference the foregoing paragraphs 1-30 of this Complaint as though fully stated herein under Count II of Plaintiff's Complaint.

39. At all times relevant hereto, Defendant was the possessor of Fort Hood.

40. At all times relevant hereto, Defendant was the possessor of the Arts and Crafts Center.

41. As a civilian employee at Fort Hood, Plaintiff was permitted by Defendant to use the Arts and Crafts Center.

42. On December 16, 2017, Plaintiff was lawfully on the premises of the Arts and Crafts Center as an invitee.

43. Plaintiff paid Defendant to utilize the products and services offered at the Arts and Crafts Center.

44. Defendant had actual or constructive knowledge of the dangerous condition presented by the stacked boxes of glass.

45. Defendant knew or should have known of the dangerous condition presented by the stacked boxes of glass.

46. Defendant had actual or constructive knowledge of the dangerous condition presented by the slippery floor.

47. Defendant knew or should have known of the dangerous condition presented by the slippery floor.

48. Defendant had a duty of ordinary care to keep the Arts and Crafts Center in a reasonably safe condition, including to inspect the Arts and Crafts Center for dangerous conditions.

49. Defendant breached its duty of ordinary care to keep the Arts and Crafts Center in a reasonably safe condition, including to inspect the Arts and Crafts Center for dangerous conditions.

50. Any inspection of the Arts and Crafts Center performed by Defendant for dangerous conditions was inadequate.

51. Defendant's inspection of the Arts and Crafts Center for dangerous conditions should have

revealed the above-referenced conditions.

52. The stacked boxes of glass posed an unreasonable risk of harm.

53. The slippery floor posed an unreasonable risk of harm.

54. The boxes of glass were not stored according to industry safety standards.

55. The floor was not maintained according to industry safety standards.

56. Defendant did not exercise reasonable care to reduce or eliminate one or more of the above-referenced risks.

57. Defendant's failure to exercise reasonable care to reduce or eliminate one or more of the risks proximately caused Plaintiff's above-referenced injuries.

58. Plaintiff was unaware of the above-referenced conditions.

WHEREFORE, Plaintiff, TERRY L. FLEMINGS, respectfully requests that judgment be entered against Defendant, UNITED STATES OF AMERICA, in the amount of $2,500,000.00 and any further and additional relief which this Honorable Court may deem appropriate.

## COUNT III:
## NEGLIGENT HIRING, SUPERVISION, AND RETENTION

59. Plaintiff incorporates by reference the foregoing paragraphs 1-30 of this Complaint as though fully stated herein under Count III of Plaintiff's Complaint.

60. On December 16, 2017, but before Plaintiff was injured, Plaintiff interacted with another of Defendant's Arts and Craft Center's employee/agents, who identified herself as Anna.

61. Anna made the admission that she was not properly trained and even complained about having to work in the frame shop.

62. Within days after Plaintiff's injuries, Plaintiff received a telephone call from another of Defendant's employees/agents, Yvette.

63. Yvette made the admission to Plaintiff that the occurrence/Plaintiff's injuries would have

never happened if Yvette would have been at the Arts and Crafts Center at the time of the occurrence/Plaintiff's injuries.

64. Defendant's employees and/or agents working in the Arts and Crafts Center were not competent to work in Defendant's Arts and Crafts Center.

65. At all times relevant hereto, Defendant owed Plaintiff a duty to hire, supervise, and retain competent employees at its Arts and Crafts Center.

66. Defendant breached this duty by failing to hire, supervise, and retain competent employees at its Arts and Crafts Center.

67. Defendant's breach of its duty proximately caused Plaintiff's above-referenced damages.

WHEREFORE, Plaintiff, TERRY L. FLEMINGS, respectfully requests that judgment be entered against Defendant, UNITED STATES OF AMERICA, in the amount of $2,500,000.00 and any further and additional relief which this Honorable Court may deem appropriate.

**JURY TRIAL DEMANDED**

DATED: November 28, 2021

Respectfully submitted,
AGRUSS LAW FIRM, LLC

By: /s/ Michael S. Agruss
Michael S. Agruss
IL State Bar #: 628100
Agruss Law Firm, LLC
4809 N. Ravenswood Ave., Suite 419
Chicago, IL 60640
Tel: 312-224-4695
Fax: 312-253-4451
michael@agrusslawfirm.com
Attorney for Plaintiff